ACKER, MERRALL & CONDIT CO. v. McGAW et al.

(Circuit Court, D. Maryland. March 24, 1906.)

INJUNCTION—RESTRAINING BREACH OF CONTRACT—SALE OF GOOD WILL OF BUSINESS.

One who sold and transferred a long-established retail mercantile business, together with its good will and the right to use the firm name under which it was conducted, and agreed to serve the purchaser as an employé for a stated term and use his best efforts to retain the employés and customers, will be enjoined from attempting to entice away employés or soliciting customers who were such at the time of the sale to trade with a competing firm organized by him after his term of service expired, or from in any way using the old firm name for such purposes, as will, also, his partners and employés, who in such matters act as agents for the firm and all the partners.

In Equity. On application for preliminary injunction.

Steele & Semmes, for complainant.

Joseph C. France and Frank Gosnell, for defendants.

MORRIS, District Judge. Prior to the 1st of April, 1903, George K. McGaw, under the firm name of George K. McGaw & Co., was conducting successfully a long-established grocery and cigar business in three stores in Baltimore, and on that date he sold and assigned the business and the leases of the stores to the Acker, Merrall & Condit Company, together with the good will and the firm name of George K. McGaw & Co., and he agreed to serve the Acker, Merrall & Condit Company for three years at an agreed salary, and agreed to devote to the business his time and his best judgment and to become a member of the board of directors of the Acker, Merrall & Condit Company and to use his best efforts to induce the old employés to continue in the employment of the company. Among these employés were the defendants Messrs. Hopper and Warden. Mr. McGaw left the service of the company in December, 1905, together with Messrs. Hopper and Warden, and these three formed the firm of Hopper, McGaw & Co., and started about March 1, 1905, a new grocery and cigar business in competition with the business of the Acker, Merrall & Condit Company.

The complaint of the bill is that the defendants are unlawfully using the firm name of Hopper, McGaw & Co., and that they also make use of the firm name of George K. McGaw & Co.; that they are soliciting the customers of the Acker, Merrall & Condit Company to deal with the new firm and to cease to deal with the company; and that they are enticing away the employés of the company, all with the purpose of destroying the "good will" which was assigned by said McGaw to the said company.

I construe the sale and assignment made by McGaw to the Acker, Merrall & Condit Company to have been an unrestricted transfer to the company of the good will of his business and of the exclusive right to use the firm name of George K. McGaw & Co. The "good will" in this case was the connection which had grown up between the business and its customers, and the favorable reputation which the

business name had acquired, and every other advantage which attaches to a long-established and successful retail business having a large number of regular customers whose daily needs are supplied by it, and whose confidence it had gained. Such a good will is often of great value, and it can be transferred to a purchaser, who at once steps into an assured income which is the result of the good will which he has bought and which it might require years of labor and expenditure to build up for a new enterprise. This was what George K. McGaw for a consideration satisfactory to himself sold to the Acker, Merrall & Condit Company, together with the right to use the firm name of George K. McGaw & Co. under which the business was then conducted and the good will had been acquired. It would be a reproach to the law if no adequate remedy could be afforded for the protection of a property so valuable as such a good will against the attacks of the vendor who had sold it, and who afterwards attempts to regain it to the damage of his vendee.

As the continued patronage of the customers of such a business is what makes the good will of value, and as it is utterly repugnant to the contract by which it was assigned that the vendor should be allowed to seek to regain it by soliciting the customers to come back to him, and as the damage thus inflicted is irreparable and is difficult, if not impossible, in such a business as this to compute, I think a court of equity should not hesitate to grant a remedy by injunction. While the partnership of Hopper, McGaw & Co. exists, whatever is done by one partner he does as the agent of all the partners, and what McGaw himself cannot lawfully do his partners, who are his agents, cannot do. Therefore an injunction will issue against all of the firm of Hopper, McGaw & Co., and their agents, employés, and servants, restraining them from soliciting the customers of the Acker, Merrall & Condit Company to deal with the new firm.

By his contract with the company Mr. McGaw has estopped himself from using the name of "George K. McGaw & Co.," and an injunction will issue restraining the new firm from in any way making use of that name in connection with its business. The name of Hopper, McGaw & Co., which was the original name of the firm which preceded George K. McGaw & Co. in the grocery business which was sold to the Acker, Merrall & Condit Company, was not transferred to it. It did not belong to McGaw, and he could not have transferred it, and the Mr. Hopper of the firm which originally did business under that name was not the same person as the Mr. Hopper of the present firm.

The injunction asked to restrain the present firm from using the name of Hopper, McGaw & Co. is refused. It has not at this hearing been pressed for by the complainant's counsel. The injunction asked for restraining the defendants from soliciting the employés of the Acker, Merrall & Condit Company to leave its employment is granted.